KAHN, Judge,
concurring.
I concur in affirming the suspension of Mr. Ganter’s insurance license. This case presents more, however, than merely a complete lack of supervision by Mr. Ganter of his employees. Mr. Ganter, in violation of Florida law, methodically and regularly allowed an employee of his agency to utilize his general lines agent license for the purpose of transacting business when the employee was in fact not licensed in Florida to transact such business. Mr. Ganter further allowed his agency to regularly operate without an active, full-time agent in charge. During Mr. Ganter’s frequent absences, the employee, Schetina, sold numerous auto service contracts to unknowing insurance customers, and utilized premium financing arrangements to further obscure these transactions. In my view, an agent such as Mr. Ganter, having willfully violated the law by leaving an unauthorized employee in charge of his insurance business, should be estopped to deny his implied knowledge of the employee’s transgressions.
Mr. Ganter, relying upon Bach v. Florida State of Dentistry, 378 So.2d 34 (Fla. 1st DCA 1979), argues that he had no duty to make inquiries as to whether his employee, Schetina, had properly carried out his responsibilities. Ganter further argues, again relying upon Bach, that unless he was fully informed of and ratified Seheti-na’s actions, his license may not be jeopardized. In effect, Mr. Ganter has argued to this court that because he violated the law and left Schetina to mind the store, he (Ganter) is effectively shielded from allegations based upon Schetina’s misconduct, absent direct proof that Ganter actually participated in such misconduct. I completely reject the notion that an insurance agent may protect his license from allegations that he has violated one portion of the insurance code by merely demonstrating that he has, in fact, violated another portion.